23 C.C.P.A.(Patents)

In re RIDDLE.

Patent Appeal No. 3649.

Court of Customs and Patent Appeals.
June 8, 1936.

Charles E. Riordon and C. Russell Riordon, both of Washington, D. C. (A. B. Bowman, of San Diego, Cal., of counsel), for appellant.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

LENROOT, Associate Judge.

This appeal brings before us for review a decision of the Board of Appeals of the United States Patent Office, affirming a decision of the Examiner rejecting claims 13, 15, 16, and 17 of appellant's application upon the ground that they are not patentable in view of the cited prior art.

Claim 13 is illustrative of the claims in issue, and reads as follows: "13. In a variable pitch air propeller, a hub secured to the propeller shaft of an engine, a casing secured to said hub and revoluble therewith, propeller blades extending from said casing and rotatable about their longitudinal axes, the centers of thrust of said propeller blades being between their longitudinal axes and their trailing edges, said propeller blades having extended bulged portions near said casing at their trailing edges and decreasing outwardly and means responsive to centrifugal action mounted within said casing and connected with said propeller blades for controlling the pitch thereof."

A large number of references were cited by the Examiner, but the Board of Appeals relied only upon the following: Taylor (Br.) 7,084, of 1909; Goberau et al. (Br.) 293,307, December 30, 1929; Steinmetz, 1,761,690, June 3, 1930.

The alleged invention is described by the Board of Appeals in its decision as follows: "The claims on appeal are directed to a variable pitch propeller designed for use on aircraft. The propeller has a chambered hub on the rim of which are two unsymmetrical blades mounted to turn about radial axes. These blades are provided within the hubs with beveled gears which both mesh with a third gear of the same type mounted coaxially of the propeller shaft. Associated with the gear last mentioned is a spur gear which meshes with a pair of spur pinions, each of which carries an offset weight. These weights are normally held close to the propeller axis by suitable springs. As the propeller is rotated, the weights tend to move outwardly under the action of centrifugal force and through the gearing described rotate the blades to a more effective position. The unsymmetrical character of the blades, due to the action of the air thereon, tends to cause them to assume a 'no-pitch' position."

The patent to Steinmetz relates to a variable pitch and reversible propeller for aeroplanes and like aerial machines. The patent states:

"* * * it is the main object of the present invention to provide means for increasing or decreasing the pitch of the propeller blades whereby their propulsive force may be measurably modified without recourse to changing the speed of the motor,

"A further feature is in the provision of means whereby the propeller blades will automatically assume an angle or pitch adapted to cause an increased forward movement of the machine, such arrangement being highly desirable when the machine reaches a high altitude or enters a thin or attenuated stratum of air in which the usual pitch of the blades is insufficient to properly propel the machine.

"Another purpose is to produce propeller blades so mounted as to turn upon their longitudinal axes to any desired extent either controlled by an operator, or automatically as may be preferred, and which can be completely reversed to act as a brake in retarding the machine, as at landing or approaching a mooring mast."

The British patent to Goberau et al. also relates to propellers with automatically variable pitch. Claim 1 of said patent embraces the elements constituting the invention therein disclosed, and reads as follows: "1. Variable pitch propeller having blades orientable with respect to a hub, a support on which the blades are orientably mounted, centrifugal masses mounted on the said support, an entraining member fixed on the engine shaft adapted to rotate the said blades on their axes when relative movement takes place between the said support and the said carrier and thus to alter the pitch of the propeller and engaging means between the said entraining member and the centrifugal masses whereby the radial displacement of the centrifugal masses controls the said relative movement of the support and entraining means so as to increase the propeller pitch as the said radial displacement increases thus producing a balance between the propeller and engine torques and an optimum pitch of the blades."

The British patent to Taylor relates to screw propellers having blades rotatable about their longitudinal axes. As shown, the blades are of unsymmetrical shape, having a larger surface on the rear or trailing edge of the blade. The patent states: "According to my invention, the rigid blades, which are each formed with a spindle end in alignment (or approximately so) with the forward edge of the blades, have their spindle ends projecting through suitable bearings where they are provided with cams or like projections which are acted upon by strong springs preferably under compression, which may tend to keep the blades in a normal posi-

tion of steep pitch or of feather but which yield to the resistance of the water or air to the blades within certain useful limits. The arrangement is such that the angle or pitch assumed by the blades varies according to the resistance so that a more equal propelling effect is produced."

The claims on appeal were rejected on either one of the patents to Steinmetz and to Goberau et al., in view of the patent to Taylor, which latter patent discloses an unsymmetrical blade similar to that described in the claims here involved, which blade, however, as hereinbefore noted, was applied to a screw propeller.

Appellant concedes that the patent to Goberau et al. discloses appellant's combination with the exception of the unsymmetrical blade and the encasing of the governor balls and main portion of the governor. As to this latter element, the Solicitor for the Patent Office points out that the patent to Steinmetz discloses that it is old to inclose within a hub casing the gearing and centrifugal mechanism for turning the blades. We are clear that patentability of the claims may not rest upon this element.

Appellant relies mainly upon the contention that the propeller disclosed in the patent to Taylor is in a nonanalogous art; that a water propeller operates in a different manner than an air propeller and is suggestive of nothing pertinent to aerodynamics; and that invention would be involved to modify the structures of Steinmetz or Goberau et al. by the use of blades such as are disclosed by Taylor.

In our opinion, the only question in the case is whether the patent to Taylor is available as a reference in combination with either Steinmetz or Goberau et al. We are in agreement with the Patent Office tribunals that the Taylor patent is a proper reference, for we think that propellers to be used in air and propellers to be used in water belong at least to closely allied arts; both operate through fluids, one water and the other air. The principles upon which the unsymmetrical blades disclosed in the Taylor patent are based are applicable to air as well as water, and this is expressly stated in said patent wherein it is said that the blades "yield to the resistance of the water or air * * * within certain useful limits."

We are therefore in agreement with the Board of Appeals that it would be obvious to one skilled in the art so to modify the

**922**

structure shown in either the Steinmetz or the Goberau et al. patents by substituting for the blades shown therein the unsymmetrical blades shown by Taylor, and hence invention was not involved in producing the structure embraced in the claims in issue.

For the reasons stated, the decision of the Board of Appeals is affirmed.

Affirmed.